(86 Misc. Rep. 10)

### LEVY v. COMMERCIAL TRUST CO. OF NEW YORK.

(Supreme Court, Appellate Term, First Department.   June 18, 1914.)

EXECUTORS AND ADMINISTRATORS (§ 443*)—COLLECTION OF ASSETS—COMPLAINT
—SUFFICIENCY.

   A complaint which alleged that testator had money on deposit with
   defendant trust company, that the executrix filed with the company a
   certificate of her letters testamentary, and thereafter duly presented to
   the company an order signed by her for the amount of the deposit, and
   demanded payment thereof, but that the company refused to pay the
   same, sufficiently alleges a demand to entitle the executrix to prove that
   she and her signature were properly identified, so as to authorize her to
   receive the money upon the order.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent.
   Dig. §§ 1798–1811, 1823–1830, 1842–1845, 1848; Dec. Dig. § 443.*]

Appeal from City Court of New York, Trial Term.

Action by Sophie R. H. Levy, as executrix of the last will and testa-
ment of Arthur S. Levy, deceased, against the Commercial Trust Com-
pany of New York.   From a judgment dismissing the complaint, on
motion of defendant, after plaintiff's opening statement, but before
any evidence was offered, plaintiff appeals.   Reversed, and new trial
granted.

Argued June term, 1914, before SEABURY, PAGE, and BIJUR, JJ.

Arthur S. Levy, of New York City, for appellant.

Campbell & Moore, of New York City (Henry Amerman, of New
York City, of counsel), for respondent.

PAGE, J.   The defendant moved to dismiss the complaint upon the
pleadings and upon the opening address of the plaintiff's attorney.   The
record on appeal does not include the opening address of counsel for
the plaintiff.   Furthermore, the defendant's counsel stated to the court
upon the argument:

   "The only question is the sufficiency of plaintiff's complaint.  We must look
at it, and exclude all extrinsic matter, and see if it sets forth a cause of ac-
tion; if not, we are entitled to have it dismissed."

The court, after hearing the arguments of counsel, granted the mo-
tion and dismissed the complaint, upon the ground that it does not
state facts sufficient to constitute a cause of action.   I am of the opin-
ion that this was error.   The complaint states facts showing that the
plaintiff's testator had on deposit with the defendant bank at the time
of his decease the sum of $793.73, that letters testamentary were duly
issued to the plaintiff, that prior to the 18th day of June, 1912, the
plaintiff filed with the defendant a certificate of the clerk of the Sur-
rogate's Court showing that letters testamentary had been duly issued
to the plaintiff and had not been revoked, together with a transfer tax
waiver from the comptroller of the state of New York.   The complaint
then states:

   "VII. That on or about the 18th day of June, 1912, the plaintiff, as execu-
trix, drew a check or order upon the defendant, wherein and whereby she

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

required the defendant to pay to the estate of Arthur S. Levy the sum of $793.73, and the said check, being duly signed by the plaintiff as executrix and duly indorsed by her as such executrix, was duly presented to the defend ant for payment, and payment thereof demanded, but that the defendant refused and still refuses to pay the same, and no part thereof has been paid."

As shown by the statements made upon the record, the ground upon which the complaint was dismissed was that no proper demand upon the defendant was pleaded. While it is undoubtedly true as a matter of law that the plaintiff did not stand in the ordinary relation of a depositor in the defendant bank, and the bank was not compelled to honor her checks as such, nevertheless, assuming the allegations of the complaint to be true, the bank was under a duty to pay to the plaintiff as executrix the sum on deposit in her testator's name upon demand by her or her duly authorized agent. The complaint alleges that payment of the said sum was demanded by means of an order requiring payment thereof, signed by her, which was "duly presented" to the defendant for payment, and payment refused. The defendant was certainly entitled to a proper identification of the plaintiff's signature to the order before honoring it, and if it was presented by the plaintiff herself, or her agent, the defendant could require identification of the plaintiff, or of her agent, and proof of the authority of such agent to receive it. But the facts pleaded are in my opinion broad enough to admit of proof of a proper demand by the plaintiff, and it was error to dismiss the complaint.

The judgment appealed from must therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.